UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE CO.,<br><br>                                    Plaintiff,<br><br>v.<br><br>DONALD DONIE et al.,<br><br>                              Defendants. | Case No. 21-cv-11057<br>Honorable Shalina D. Kumar<br>Magistrate Judge David R. Grand |

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (ECF NO. 17)**

## I.    INTRODUCTION

Plaintiff Allstate filed this action against defendants Donald and

Cheryl Donie and Stephen Sapienza (the Insureds) for a declaratory

judgment that it owes no duty to defend or indemnify the Insureds against

the action brought against them by Eugenia Miller[1] in Livingston County

---

[1] Miller was also named as a defendant in this action. Miller did not answer, or otherwise respond to Allstate's complaint, and was thus defaulted. ECF No. 15. Miller has also not responded to Allstate's motion for default judgment of declaratory relief against her. ECF No. 16.

Circuit Court (21-31074-CH). ECF No. 1. Allstate filed the motion for summary judgment under Federal Rule of Civil Procedure 56 now before the Court. ECF No. 17. The Insureds opposed Allstate's motion. ECF No. 20. The Court heard oral argument from the parties at a hearing on June 29, 2022.

## II.    FACTUAL BACKGROUND

Allstate issued a homeowners policy to the Donies effective October 1, 2018 through October 1, 2019. Allstate issued a homeowners policy to Sapienza effective April 13, 2018 through April 13, 2019 (referred to together as Policies). ECF Nos. 17-3, 17-4. These Policies provided coverage to the Insureds for damages they were legally obligated to pay because of bodily injury or property damage arising from an occurrence covered by the Policies. *Id.* at PageID.333, 372. This coverage for liability includes a defense with counsel of Allstate's choice for the Insureds if they were sued for these types of damages, even if the allegations in the underlying suit were groundless, false, or fraudulent. *Id.*

The Insureds were sued by their neighbor, Miller, for obstruction and interference with her easement over their adjacent properties. ECF No. 17-2. Miller alleges in that suit that she maintains the right to use a sixty-six-foot-wide easement from her parcel, across the Insureds' properties, to

2

Mack Road and that the easement is the exclusive means of ingress and egress for the Miller property. Miller alleges that the Insureds have unlawfully interfered with her easement rights by placing a lock on the gate positioned at the entrance to Miller's property. *Id*.

Allstate is currently defending the Insureds in the Livingston County action, subject to a reservation of rights letter. ECF No. 1-5. In its motion in this action, Allstate argues that it has no duty to defend or indemnify the Insureds because the Policies do not provide coverage for the damages asserted by Miller in the Livingston County action. ECF No. 17. The Court agrees and grants Allstate's motion.

## III.    ANALYSIS

### A. Jurisdiction

Allstate contends that this Court should exercise its discretionary jurisdiction under the Declaratory Judgment Act. 28 U.S.C. § 2201(a). Courts are to consider the following five factors in deciding whether to exercise their discretionary jurisdiction over declaratory judgment actions:

> (1) whether the judgment would settle the controversy; (2) whether the judgment would clarify the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata;" (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

*United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386 (2019)

(quoting *Grand Trunk W.R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326

(6th Cir. 1984)).

Allstate asserts that all five factors weigh in favor of the Court

exercising jurisdiction. Indeed, Allstate is not a party in the underlying state

court litigation and thus the coverage dispute between it and the Insureds

could not be considered under the existing state court action. *See*

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 556 (6th Cir. 2008) (the

district court resolved all controversies between the insurer and the

insureds because the only dispute between them was the scope of

coverage under the insurance policy). Thus, the action before the Court

would clarify the legal relations and settle the controversy between these

parties; factors one and two support the Court's exercise of jurisdiction over

this matter.

A declaratory relief action over an insurance coverage dispute, where

the insurer is not a party to the underlying action and which was initiated

after the underlying state court action, does not suggest procedural fencing

or a race for res judicata. *See id*. at 558. "A district court should not deny

jurisdiction to a plaintiff who has not done any more than choose the

jurisdiction of federal rather than state court." *Id*. (quoting *State Farm Fire &*

*Cas. Co. v. Odom*, 799 F.2d 247, 250 n.1 (6th Cir. 1986)) (quotation marks omitted). The third factor supports jurisdiction in this Court.

Likewise, this Court accepting jurisdiction over this coverage dispute does not increase friction between federal and state courts. The liability issue presented in the underlying state court action (did the Insureds obstruct a valid easement) is factually and legally distinct from those central to this case (does Allstate have the duty to defend and indemnify the Insureds from the alleged liability in the underlying litigation). *See id*. at 560. "[W]hen an insurance company '[is] not a party to the state court action, and neither the scope of insurance coverage nor the obligation to defend [is] before the state court . . . a decision by the district court on these issues would not offend principles of comity.'" *Id*. (quoting *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003)). The fourth factor does not warrant declining jurisdiction.

The Insureds contend, without factual detail or legal support, that this Court should decline to exercise its discretionary jurisdiction because litigating this issue in the underlying state court case between Miller and the Insureds would reduce the Insureds' litigation costs and serve judicial economy. In other words, the Insureds believe litigating the coverage issue in state court is a better alternative to this Court exercising its jurisdiction.

Jurisdiction over declaratory relief should be denied only if the alternative is better than a federal declaratory action. *Id*. at 562. The "inquiry on this factor must be fact specific." *Id*. The Insureds' assertions, if factually developed, could perhaps weigh against discretionary jurisdiction under the fifth factor. But the Court finds it would not outweigh the other factors, which favor exercising its discretionary jurisdiction in this matter.

### B.  Summary Judgment

1.  Standard of Review

When a party files a motion for summary judgment, it must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co.*

*v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Additionally, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the [non-movant].'" *Brown v. Scott*, 329 F. Supp. 2d 905, 910 (E.D. Mich. 2004). However, mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 251.

If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the movant is entitled to summary judgment. *Celotex*, 477 U.S. at

323. The court must construe Rule 56 with due regard not only for the rights of those "asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury," but also for the rights of those "opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." *Id*. at 327.

### 2. Duty to Defend and Indemnify under the Policies

As a general matter of law, insurance policies are much the same as any contract and "are subject to the same contract construction principles that apply to any other species of contract." *Telerico v. Nationwide Mut. Fire Ins. Co*., 529 F. App'x 729, 731 (6th Cir. 2013) (quoting *Rory v. Continental Ins. Co.*, 703 N.W.2d 23, 26 (2005)) (internal quotation marks omitted); *see also Livonia Pub. Schools v. Selective Ins. Co. of the S.E.*, 443 F. Supp. 3d 815, 841-42 (E.D. Mich. 2018). "The foremost duty of a court in construing an insurance policy is to determine the intent of the contracting parties [and] if the text of the insurance policy is clear and unambiguous, the contract must be enforced as written." *Telerico*, 529 F. App'x at 731 (quoting *City of Grosse Pointe Park v. Mich. Mun. Liab. & Prop. Pool*, 702 N.W.2d 106, 122 (2005)) (internal quotation marks and alteration omitted).

It is settled law in Michigan that an insurer's duty to defend is broader than its duty to indemnify. *Auto-Owners Ins. Co. v. City of Clare*, 521 N.W.2d 480 (1994). An insurer has a duty to defend its insured if the allegations of the underlying suit arguably fall within the coverage of the policy. *State Farm Fire and Cas. Co. v. Bishop*, 2018 WL 4679631, at *2 (E.D. Mich. Sept. 28, 2018) (citing *GAF Sales & Service, Inc. v. Hastings Mut. Ins. Co.*, 568 N.W.2d 165 (Mich. App. 1997)). This duty is not limited to meritorious suits and may extend to actions which are groundless, false, or fraudulent, provided that the allegations against the insured even arguably come within the policy coverage. *Id*.

But just as "it is well-established that an insurer's duty to defend is broader than its duty to indemnify, it is equally well-established that a court must give the terms of an insurance policy their plain meaning." *Id.* at *4. The terms of the insurance policy trigger the insurer's duty to defend. *Id.*; *see also Auto Club Ins. Ass'n v. DeLaGarza*, 444 N.W.2d 803, 806 (1989) (Insurers are free to clearly express limits on their insurance coverage.)).

The Policies provide liability coverage for "damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and is covered by this part of the policy." ECF Nos. 17-3,

9

PageID.333; 17-4, PageID.374 (bold in original).[2] **Property damage** is defined by the Policies as "physical injury to or destruction of tangible property, including *loss of its use resulting from such physical injury or destruction*. *Id*. at PageID.315, 333, 358, 372 (bold in original, italics added for emphasis). The injury underlying this case is Miller's loss of use of the easement, but that loss of use does not result from any physical injury or destruction of the land at issue.

Policies, such as the ones at issue in this case, which define property damage as physical injury to or destruction of tangible property, do not cover loss of use of property that has not been physically damaged. *See Gunderson v. Fire Ins. Exchange*, 37 Cal. App. 4th 1106 (1995). The Insureds argue that the loss of the use of an easement (as Miller alleges she suffered) is property damage under the Policies, thereby triggering Allstate's duty to defend. *Citation Ins. Co. v. Newman*, the Massachusetts case cited by the Insureds in support of this argument, addressed a policy which defined property damage to include the loss of use of physically *uninjured* tangible property. 951 N.E.2d 974, 977 (Mass.App. Ct. 2011). The Policies here, however, unambiguously define property damage as requiring physical injury or destruction of tangible property *including loss of*

---

[2] The bolded terms are defined by the Policies. *Id.*

*use of property resulting from the physical injury or destruction*. ECF No. 17-3, PageID.315, 333; ECF No. 17-4, PageID.358, 372 (emphasis added). Because the Miller complaint does not allege a loss of use due to any physical injury or destruction of the land burdened by the easement, any ultimate liability to the Millers would not be for property damage, as defined by the Policies, and thus would not be covered under them.

The Insureds also argue that locking the gate on the easement was an "accident," and thus an occurrence covered by the Policies. ECF No. 17-3, PageID.315, 333; ECF No. 17-4, PageID.358, 372. The Policies define occurrence as an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage. *Id.* at PageID.315, 358. The Court need not determine if locking the gate could be deemed an "accident" because an accident must result in bodily injury or property damage, as defined by the Policies, to be a covered occurrence. *Id*. As discussed above, locking the gate did not result in property damage.

Without any possibility of coverage, there can be no duty to defend, and Allstate is entitled to summary judgment. *Hamilton Specialty Ins. Co. v. Transition Investment, LLC*, 818 F. App'x 429, 432 (6th Cir. 2020) (insurers

escape duty to defend if the policy rules out any colorable interpretation permitting coverage).

## IV.    CONCLUSION

For these reasons, Allstate's motion for summary judgment for declaratory relief (ECF No. 17) is **GRANTED**. Allstate has no duty to defend or indemnify the Insureds in Miller's state court action against them.

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: September 26, 2022